This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38127**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROGERIO VALLEJOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant Rogerio Vallejos appeals from his conviction for battery on a peace officer. This Court issued a calendar notice proposing to affirm Defendant's conviction. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction. [DS 3] In this Court's calendar notice, we proposed to affirm on this issue. In response, Defendant continues to assert that there was insufficient evidence for his

conviction, and specifically contends that the State's failure to disclose a video recording of the subject incident should have cast sufficient doubt on the State's case such that a reasonable fact-finder could not have found him guilty beyond a reasonable doubt. [MIO 1] As such, Defendant's argument challenges the weight the jury gave the evidence below. However, appellate courts do not reweigh the evidence or reassess credibility determinations on appeal. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." (internal quotation marks and citation omitted)); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Rather, on appeal, we review whether the fact-finder's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

**{3}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's conviction.

**{4}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**